UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
In re:

DOUG J. KOCH,
              Debtor.

Case No. 08-30410
Chapter 13

APPEARANCES:

| | |
|---|---|
| BODOW LAW FIRM, PLLC<br>Attorneys for Debtor<br>1925 Park Street<br>Syracuse, New York 13208 | THEODORE L. ARAUJO, ESQ. |
| CHAPTER 13 TRUSTEE<br>250 South Clinton Street<br>Suite 203<br>Syracuse, New York 13202 | MARK W. SWIMELAR, ESQ.<br>(Standing Chapter 13 Trustee)<br>LYNN HARPER WILSON, ESQ.<br>(Staff Attorney to Chapter 13 Trustee) |

MARGARET CANGILOS-RUIZ, U.S. BANKRUPTCY JUDGE

## MEMORANDUM-DECISION AND ORDER DENYING CONFIRMATION

The chapter 13 trustee ("Trustee") objects to confirmation of the plan proposed by Doug J. Koch ("Debtor") under section 1325 of the United States Bankruptcy Code, 11 U.S.C. §§ 101–1532 (2008), ("Code"). At issue is whether Debtor may list on Lines 47 and 48 of Form 22C[1] loan payments on vehicles he plans to surrender. This memorandum-decision incorporates the court's findings of fact and conclusions of law as permitted by Fed. R. Bankr. P. 7052 as made applicable by Fed. R. Bankr. P. 9014(c).

## JURISDICTIONAL STATEMENT

The Court has core jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334, 157(a), (b)(1) and (b)(2)(L).

---

[1] Official Form 22C "Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income" was adopted as a result of amendments to the Code made by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA").

## FACTUAL BACKGROUND

Debtor's Form 22C reflects negative (-) $728.23 of "monthly disposable income." As part of the calculation of "monthly disposable income," Debtor lists the following under "Future payments on secured claims" on Line 47 of Form 22C: $496.79 to Chase Automotive Finance for a 2004 BMW 325i, $464.49 to Citizens Automobile Finance, Inc. for a 2006 Ford Truck F250, $485.99 to GMAC for a 2008 Chevrolet Silverado, and $177.56 to Retail Services for a 2006 GSXR1000. On Line 13 of Schedule J, "Installment payments:…Auto," Debtor lists $583.19.

Debtor's plan, which was filed on February 28, 2008, indicates that Debtor will surrender three of his four vehicles: the 2004 BMW 325i, the 2006 Ford Truck F250, and the 2006 GSXR1000. Debtor's plan indicates that he plans to retain the 2008 Chevrolet Silverado. Debtor proposes monthly plan payments of $180.00, roughly equal to his "monthly net income" as calculated on Schedule J at $181.92 with a dividend of not less than 7% to unsecured creditors. Both Debtor and Trustee agree that Debtor is an "above the median" debtor, requiring a plan commitment period of 60 months.[2]

Trustee objects to confirmation of the proposed plan on the grounds that Debtor is not committing all of his "projected disposable income" during the applicable commitment period. Trustee specifically objects to Debtor deducting payments for vehicles that Debtor plans to surrender, which effectively reduces monthly disposable income calculated on Form 22C.

## ISSUE PRESENTED

The question presented is purely an issue of law: Can payments on claims secured by property Debtor plans to surrender as part of a chapter 13 plan be used to reduce monthly disposable income calculated on Form 22C? The court answers this question in the negative as explained below.

---

[2] Whether or not a debtor is "above the median" or "below the median" is determined by calculations made on Form 22C. For debtors whose income is below the applicable median family income (available at www.usdoj.gov/ust/), the applicable commitment period is 3 years, and for debtors whose income is above the applicable median family income, the applicable commitment period is 5 years. 11 U.S.C. § 1325(b)(4).

2

## **DISCUSSION**

In order for a debtor to confirm a plan over an objection by the trustee or the holder of an allowed unsecured claim, the debtor must either pay unsecured claims in full or show that "all of the debtor's projected disposable income to be received in the applicable commitment period...will be applied to make payments to unsecured creditors under the plan." 11 U.S.C. § 1325(b)(1)(B). Determining the amount of a debtor's disposable income begins with "current monthly income received by the debtor" and continues by subtracting "amounts reasonably necessary to be expended..." 11 U.S.C. § 1325(b)(2). These "amounts reasonably necessary to be expended" are determined "in accordance with subparagraphs (A) and (B) of Code section 707(b)(2)...," which list the appropriate expenses to be deducted from a debtor's income when calculating disposable income. 11 U.S.C. § 1325(b)(2)-(3). Code section 707(b)(2)(A) permits a debtor to subtract average monthly payments on secured debt and directs that a debtor's "average monthly payments on account of secured debts shall be calculated as the sum of the total of all amounts scheduled as contractually due to secured creditors in each month of the 60 months following the date of the petition...divided by 60." 11 U.S.C. § 707(b)(2)(A)(iii). A debtor then subtracts the resulting average monthly payment as part of the calculation of disposable income.

Trustee asserts that in order for Debtor to make the required showing of applying all of Debtor's projected disposable income to payment of unsecured creditors under the plan, Debtor cannot reduce monthly disposable income on Form 22C by subtracting payments on debt secured by collateral which will be surrendered as part of Debtor's plan. Trustee argues that the directive on Line 47 of Form 22C (which quotes Code section 707(b)) ("...state the Average Monthly Payment...The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60.") does not include payments which

3

will not be paid as part of a chapter 13 plan. Trustee concludes that because the collateral will be surrendered, the payments, therefore, are not "scheduled as contractually due." If Debtor had not subtracted the disputed payments on Form 22C, Trustee calculates that Debtor's monthly disposable income reflected on Line 59 would be $410.61, instead of negative (-) $728.23. Trustee then argues that the recalculated disposable income, $410.61, should be the basis of Debtor's plan payments.

Debtor suggests that the rationale and purpose of the income and expense calculations on Form 22C is to take a "retrospective look" to determine if there is a presumption of abuse. Debtor asserts that Form 22C, which incorporates the deductions outlined in Code section 707(b), looks "backward" at both income and expenses, and, therefore, "amounts scheduled as contractually due" is interpreted as of the date of filing, before surrender of the collateral at issue. Debtor concludes that as of the date of filing, those amounts remain, technically, contractually due and should be included on Form 22C.

Guidance as to how to apply Code section 707(b) can be found in the language of that section. Code section 707(b)(2)(A)(i) explains that "granting relief would be an abuse of the provisions of *this* chapter" when certain conditions are met. 11 U.S.C. § 707(b)(2)(A)(i) (emphasis added). Many courts have found that payments on collateral to be surrendered are appropriately deducted from income when determining if there is abuse in the context of chapter 7. *See, e.g., In re Nockerts*, 357 B.R. 497 (Bankr. E.D. Wis. 2006). However, the instant case was filed as a chapter 13 case, and the same analysis does not necessarily apply. The court in *Nockerts* recognized the distinction between chapter 7 and chapter 13, noting that "...the situation presented by a section 1325(b) objection in a chapter 13 case is materially different because the timing of the application of section 707(b)(2)(A) and (B) is different in a chapter 13 case." *In re Nockerts*, 357 B.R. at 504 (citing *In re Crittendon*, 2006 LEXIS 2172, (Bankr. M.D.N.C. Sept. 1, 2006)).

4

Chapter 13 contains no provision per se dealing with "abuse." The remedy in chapter 7 when abuse is found under Code section 707(b) is either conversion to chapter 13 or chapter 11 with a debtor's consent or, alternatively, dismissal. 11 U.S.C. § 707(b)(1). Under chapter 13, a debtor may convert a case to one under chapter 7 if the debtor may be a debtor under that chapter. 11 U.S.C. § 1307(a), (d). Additionally, on request of a party in interest or the United States Trustee, the court may dismiss a case brought under chapter 13 for "cause." "Cause" for dismissal in chapter 13 is not necessarily synonymous with "abuse" in chapter 7. 11 U.S.C. § 1307(c).

Numerous courts across the country have grappled with the issue of whether or not debtors can deduct payments on debt secured by collateral they intend to surrender. As one court noted, "Section 1325(b), not Section 707, ultimately controls the determination of disposable income for purposes of plan confirmation under Chapter 13, and that section permits Debtors to deduct only those expenditures that are reasonably necessary for their future support and maintenance. Obviously, phantom payments...do not meet this criteria [sic]." *In re McGillis*, 370 B.R. 720, 730 (Bankr. W.D. Mich. 2007). The same court also explained: "...Section 1325(b)(3) imposes the same requirement upon an above-median-income debtor as it does upon all other debtors: amounts claimed as expenses under Section 1325(b)(3) must in fact be ultimately expended." *In re McGillis* at 730 (citing *In re McPherson* 350 B.R. 38, 45 (Bankr. W.D. Va. 2006).

Trustee argues that monthly disposable income calculated on Form 22C acts as a *minimum* amount that must be paid to unsecured creditors. Trustee urges that the recalculated Form 22C monthly disposable income figure, after the surrendered collateral payments are backed out, trumps Debtor's monthly net income figure listed on Schedule J. Trustee cites this court's holding in *In re Lisenko* that Form 22C is the "first look" which permits further inquiry when a debtor's monthly disposable income differs markedly from monthly net income after accounting for the exempt income excluded on Form

5

22C. *See In re Lisenko*, 2008 Bankr. LEXIS 937 at *7, (Bankr. N.D.N.Y. March 24, 2008). In *Lisenko*, this court found that when viewed from the vantage point "as of the effective date of the plan," as mandated by Code § 1325 (b)(1), a review of Debtor's monthly disposable income, calculated on Form 22C, may, at the time of confirmation, be followed by inquiry into the monthly net income stated on Schedule J. *See In re Lisenko* at *7. However, *Lisenko* did not address nor hold that monthly disposable income calculated on Form 22C is a minimum amount that can only be adjusted upward when viewed along with Schedules I and J.

If, however, as Debtor argues, Schedules I and J trump Form 22C when objections are raised under Code section 1325(b), Form 22C would serve no purpose at all in evaluating such objections. Debtor urges that since his plan payments are based on the monthly net income calculated on Schedule J, he meets the requirements of Code section 1325(b) and the plan should, therefore, be confirmed over Trustee's objection. This court does not agree. It does not necessarily follow that Form 22C is to be ignored as soon as the inquiry into disposable income includes Schedules I and J.

On the agreed facts presented in this case, the court holds that payments on debt secured by collateral which will be (or already has been) surrendered pursuant to a chapter 13 plan cannot be included on Form 22C as a deduction from a debtor's income. In addition, both Form 22C and Schedules I and J should portray income and expenses as accurately as possible to assist the inquiry into whether Debtor is proposing to pay all of his projected disposable income to unsecured creditors. Apart from Debtor's initial filings and pleadings filed in connection with confirmation, no record has been made and no evidentiary hearing has been held to support the numbers utilized by Debtor. The discrepancy between monthly disposable income on Form 22C and monthly net income on Schedule J might partially be explained by the payments on collateral to be surrendered as expenses on Form 22C and Debtor's actual expenses reported on Schedule J. Until such time as the discrepancy is explained to

the court's satisfaction, the court is unable to affirmatively find that all of Debtor's projected disposable income is being applied to pay unsecured creditors under the plan to overcome Trustee's objection.

Accordingly, insofar as Trustee's objection is related to Debtor's completion of Form 22C, the objection is sustained. Confirmation on the present record is denied without prejudice to Debtor submitting an amended Form 22C in accordance with this decision, amending Schedules I and J to more accurately reflect Debtor's actual expenses and income, and filing an amended plan to resolve Trustee's objection.

So ordered.

Dated: July 25, 2008
Syracuse, New York

_____
Hon. Margaret Cangilos-Ruiz
U.S. Bankruptcy Judge